**FILED**
9/7/2021 DB
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21-CR-XXX |
| | **21-cr-558** |
| v. | Violation: Title 18, United States Code, Section 1956(h) |
| MICHAEL ZMIJEWSKI | **Judge Charles R. Norgle, Sr** |
| | **Magistrate Judge Jeffrey T. Gilbert** |

### INDICTMENT

The SPECIAL MAY 2021 GRAND JURY charges:

### DEFENDANT AND CO-CONSPIRATORS

1.     MICHAEL ZMIJEWSKI is hereby made defendant on the charge contained in this Indictment.

2.     During the period covered by this Indictment:

a.     Mr. David's Flooring International, LLC ("Mr. David's") was a corporation organized and existing under the laws of Delaware, with its principal place of business in the Northern District of Illinois. Mr. David's was a provider of commercial flooring services and products (as defined in Paragraph 3 below) engaged in the sale of commercial flooring services and products in the United States, including to customers in the Northern District of Illinois.

b.     Defendant MICHAEL ZMIJEWSKI was the President of Mr. David's.

3.     Providers of commercial flooring services and products remove any preexisting flooring products at the job site, prepare the floor surface for installation,

and install new flooring products, including but not limited to carpet, laminate, tile, vinyl, and wood flooring products.

4.      During the period covered by this Indictment, Manufacturer A was a corporation organized and existing under the laws of Georgia, with its principal place of business in Georgia.  During the period covered by this Indictment, Manufacturer A manufactured flooring products, including carpet, hardwood, laminate, tile, and vinyl products, and sold these products in the Northern District of Illinois and elsewhere.

5.      During the period covered by this Indictment, Carter Brett was an account executive at Manufacturer A, whose job responsibilities included the promotion and sale of Manufacturer A's commercial flooring products to providers of commercial flooring services and products (as defined in Paragraph 3) in this District. Brett sold Manufacturer A's products by offering prices within a set range established and authorized by Manufacturer A in a pricing matrix. As an account executive for Manufacturer A, Brett owed a duty of honest services to Manufacturer A regarding decisions made relating to the prices at which he offered and sold his employer's products.

6.      Beginning at least as early as 2013, and continuing through at least on or about June 13, 2018, in the Northern District of Illinois, Eastern Division, and elsewhere, Brett, together with his co-conspirators, knowingly and with intent to defraud, devised and participated in a scheme to defraud and to deprive

Manufacturer A of its right to Brett's honest services through the offer and payment of kickbacks.

7. It was part of the scheme that Brett solicited and MICHAEL ZMIJEWSKI and other co-conspirators agreed to pay kickbacks in the form of cash, checks, or cash equivalents so that Brett would offer low pricing to Mr. David's and other co-conspirators. Brett materially deceived and defrauded Manufacturer A by not disclosing to his employer that he was being paid personally to offer low prices.

8. As a result of the scheme, Brett intended and caused tangible monetary harm to Manufacturer A in the form of lower revenue derived from the low prices that Brett offered to MICHAEL ZMIJEWSKI and Mr. David's, and other co-conspirators in exchange for MICHAEL ZMIJEWSKI's and Mr. David's, and other co-conspirators' agreement to provide kickback payments to Brett that were not disclosed to Manufacturer A.

<u>DESCRIPTION OF THE OFFENSE</u>

9. Beginning in or about 2013, and continuing through at least on or about June 13, 2018, in the Northern District of Illinois, Eastern Division, and elsewhere, MICHAEL ZMIJEWSKI, defendant herein, did knowingly conspire with Brett and other co-conspirators to commit an offense in violation of Title 18, United States Code, Section 1956(h), that is, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), which transactions involved the proceeds of specified

3

unlawful activities, namely, honest services wire fraud in violation of Title 18, United States Code, Sections 1343 and 1346,

     a.    Knowing, while conducting and attempting to conduct such financial transactions, that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and

     b.    Knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activities.

## MEANS AND METHODS OF THE CONSPIRACY

10.    The principal object of the conspiracy was to cause the kickback payments received by Brett, in the form of checks from Mr. David's and other co-conspirators, which represented the proceeds of specified unlawful activities in violation of Title 18, United States Code, Sections 1343 and 1346, described above in Paragraphs 6-8, to be made payable to shell corporation MGAB13 Consulting, Inc., ("MGAB13") and deposited into a bank account opened in the name of MGAB13, for the purpose of concealing and disguising the nature, location, source, ownership, and control of those criminal proceeds.

11.    In early-to-mid 2013, MICHAEL ZMIJEWSKI suggested Brett create a shell company to receive kickback payments from Mr. David's, in order to conceal the unlawful payments from Manufacturer A, Brett's employer.

12.    It was further part of the conspiracy that on or about July 10, 2013, Brett then caused to be established a corporation, MGAB13, organized and existing

4

under the laws of Illinois, with its purported principal place of business in the Northern District of Illinois. MGAB13 was established under the nominal ownership of Brett's family member. MICHAEL ZMIJEWSKI knew Brett hid the true purpose of the nature, location, source, ownership, and control of the proceeds of specified unlawful activities by causing the corporation to open bank accounts and by falsely indicating that MGAB13 was a consulting company that provided services to Mr. David's. As MICHAEL ZMIJEWSKI knew, MGAB13 did not perform any consulting services for MICHAEL ZMIJEWSKI or for Mr. David's. MICHAEL ZMIJEWSKI knew the sole purpose of MGAB13 was to conceal and disguise the nature, location, source, ownership, and control of the kickback payments paid, including those kickbacks paid by Mr. David's, which were authorized by MICHAEL ZMIJEWSKI.

13.     MICHAEL ZMIJEWSKI authorized the following kickback payments during the conspiracy period, made payable to MGAB13 to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity described above in Paragraphs 6-8, which co-conspirator Brett subsequently caused to be deposited in an account number ending in 1940 at Roselle Bank & Trust ("MGAB13 account"), an FDIC-insured financial institution operating in interstate commerce, in Roselle, Illinois in the name of MGAB13:

| Date of Check | Check No. | Date of Deposit | Deposit Amount |
|---|---|---|---|
| 09/24/2013 | 7704 | 10/07/2013 | $ 15,828.00 |
| 01/31/2014 | 500105 | 02/19/2014 | $ 4,705.00 |
| 02/07/2014 | 500195 | 02/19/2014 | $ 3,184.00 |
| 08/12/2015 | 508228 | 08/14/2015 | $ 11,630.00 |
| 12/25/2015 | 510800 | 12/30/2015 | $ 4,002.45 |
| 09/30/2016 | 517025 | 10/03/2016 | $ 912.00 |
| | | TOTAL | $ 40,261.45 |

14.     On or about June 1, 2018, Co-conspirator J1 at Company J issued a kickback payment made payable to MGAB13 to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity described above in Paragraphs 6-8, which co-conspirator Brett subsequently caused to be deposited in the MGAB13 account on or about June 13, 2018.


ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1956(h).


A TRUE BILL:


_____
FOREPERSON

6

| RICHARD A. POWERS | KALINA M. TULLEY |
| Acting Assistant Attorney General | Chief, Chicago Office |

| MARVIN N. PRICE, JR. | MICHAEL N. LOTERSTEIN |
| Director of Criminal Enforcement | Assistant Chief, Chicago Office |

CHESTER C. CHOI, CA Bar No. 268410
  chester.choi@usdoj.gov
ELIZABETH A. HOMAN, VA Bar No. 87637
  elizabeth.homan@usdoj.gov
MARY T. MCCARTHY, IL Bar No. 6306546
  mary.mccarthy2@usdoj.gov
CARLA M. STERN, IL Bar No. 6201979
  carla.stern@usdoj.gov
Trial Attorneys

U.S. Department of Justice,                    U.S. Department of Justice,
Antitrust Division                             Antitrust Division
                                               Chicago Office
                                               209 South LaSalle Street, Suite 600
                                               Chicago, Illinois 60604
                                               Tel: (312) 984-7200

7